**OKIN, HOLLANDER & DeLUCA, L.L.P.**
One Parker Plaza
Fort Lee, New Jersey 07024
(201) 947-7500
Paul S. Hollander (PH-2681)
Attorneys for Manyfoods, Inc., Debtor[*]

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: **MANYFOODS, INC.** Debtor and Debtor-in-Possession. | Chapter 11 Case No. 03-27989 (DHS) |

**APPLICATION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014(a) FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF HT CAPTIAL ADVISORS, LLC AS SPECIAL FINANCIAL ADVISORS TO THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC**

TO:   THE HONORABLE DONALD H. STECKROTH
      UNITED STATES BANKRUPTCY JUDGE

Manyfoods, Inc, the above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its attorneys, makes this Application for an order authorizing the Debtor, pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), to employ HT Capital Advisors ("HT Capital"), a private investment banking firm, as special financial advisors to the Debtor in this Chapter 11 case. In support of this Application, the Debtor respectfully represents as follows:

---

[*] An application for an order authorizing and approving the employment of Okin, Hollander & DeLuca, L.L.P. as counsel to the Debtor and Debtor-in-Possession is pending.

**Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334 and the "District Court General Order of Reference" of the United States District Court for the District of New Jersey dated July 23, 1984. The statutory bases for the relief sought herein are Sections 327(e), 328(a) and 1107 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. § 1408.

**Background**

2. On May 29, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 to 1330 (the "Bankruptcy Code").

3. Pursuant to Bankruptcy Code Sections 1107(a) and 1108, the Debtor has been and remains authorized to operate its business and manage its property as a debtor-in-possession. No trustee or examiner has been appointed in this case.

4. As of the date of this Application, no committee of creditors has been appointed; however, an organizational meeting of unsecured creditors is scheduled to be held at the United States Trustee's offices on June 12, 2003, at 9:30 a.m.

5. The Debtor is the owner and operator of three (3) retail supermarkets that operate under the Foodtown cooperative banner. The Debtor's retail stores are located in Cedar Knolls, Wanaque and River Vale, New Jersey. The Debtor is also the owner and operator of a retail liquor store located in Cedar Knolls, New Jersey. The Debtor operates its retail supermarkets and liquor store from premises leased from various third party lessees. The Debtor employs

more than 200 full and part time employees.  The Debtor's retail supermarkets carry a full line of national branded and private label grocery, bakery, deli, dairy, produce, meat/poultry/fish, frozen foods, health/beauty products and general merchandise items.  The Debtor's retail liquor store carries a full line of wine, liquor, spirits, cigarettes and other beverages.  As of the Petition Date, the Debtor maintained an aggregate inventory, valued on a cost basis, of approximately $2,100,000.

### Relief Requested and Basis Therefor

6. Submitted herewith is the Verified Statement of Peter Offermann in support of this Application.  Mr. Offermann is a Managing Director of HT Capital.

7. In the Debtor's business judgment, it requires the services of an experienced financial advisor to assist the Debtor in consummating a financial restructuring that will be satisfactory to the Debtor's estate, its creditors and the Court.  Of immediate needs, the financial advisors, among other things, would assist the Debtor in negotiating a financing agreement to replace the Debtor's existing bank debt.

8. The Debtor wishes to employ HT Capital, pursuant to Bankruptcy Code Section 327(a), to perform necessary services (hereinafter described) as financial advisors to the Debtor.  HT Capital began assisting the Debtor pre-petition and is prepared to continue its assistance to the Debtor during the post-petition period.  The Debtor has selected HT Capital because of its experience in matters of this character, particularly in the food and beverage industry, and its qualifications to perform the services required in this case.  The Debtor believes that the retention and employment of HT Capital is in the best interests of the Debtor's estate and its creditors.

F:\OCH\ManyFoods\Pldgs\Application Employ HT Capital.doc

9. HT Capital is well qualified to serve as special financial advisors to the Debtor. HT Capital is a private investment banking firm, head-quartered in New York City. Established over 50 years ago, its clientele consists primarily of emerging and established middle market companies throughout the United States and internationally. HT Capital provides a full range of corporate financing services, including, but not limited to, valuations and fairness opinions, private placement financing and recapitalizations. HT Capital has experience in providing reorganization and advisory services for bankrupt debtors (as well as equity and creditor committees of bankrupt companies). HT Capital's Food & Beverage Group focuses exclusively on meeting the needs of middle market food and beverage companies from the restructuring of troubled situations, including institutional private placements of debt and equity capital, to the sale, merger or acquisition of a business. HT Capital enjoys an exceptional track record of successful transactions encompassing most segments of the industry from food processors and beverage producers to supermarkets and restaurant chains.

10. Mr. Offermann has been and will continue to be the primary financial advisor to the Debtor. Mr. Offermann is a member of the National Association of Corporate Directors and the Turnaround Management Association. He has 35 years of experience advising, financing, managing and operating middle market businesses. Attached to Mr. Offermann's Verified Statement as Exhibit "B" is brief bio regarding his professional background and his *curriculum vitae*.

11. Prior to the Petition Date, the Debtor engaged HT Capital to provide the following assistance, the nature of which the Debtor expects would continue post-petition: (a) assist management in evaluating the Debtor, its financial situation and its business prospects; (b) assist

management in developing a business and financial plan; (c) assist management in developing a strategy for negotiating with various creditors and creditor constituencies; (d) assist management in negotiations with such creditors and creditor constituencies; and (e) provide such other related services as may be agreed upon between HT Capital and the Debtor. In addition, the Debtor expects that HT Capital will assist the Debtor's bankruptcy counsel in preparing those various pleadings that are likely to be filed in order to effectuate the Debtor's business plan.

12. To the best of the Debtor's knowledge, information and belief, HT Capital is not related to or connected with, and neither holds nor represents any interest adverse to, the Debtor, its estate, creditors or any other party in interest in this Chapter 11 case, the Debtor's attorneys, the United States Trustee or anyone employed in the Office of the United States Trustee in the matters for which HT Capital is proposed to be employed (except HT Capital's connection with the Debtor by virtue of this engagement). HT Capital may represent or have represented certain of the Debtor's creditors or other parties in interest, or interests adverse to such creditors or other parties in interest herein, in matters unrelated to this Chapter 11 case. The Debtor's knowledge, information and belief regarding the matters set forth in this paragraph are based on, and made in reliance upon, Mr. Offermann's Verified Statement. HT Capital has informed the Debtor that it has undertaken a detailed search of available information to determine and to disclose whether it is performing or has performed services for any significant creditors, equity security holders or insiders in such unrelated matters. As set forth in Mr. Offermann's Verified Statement, while employed as a Managing Director with Bankers Trust Company, in or about 1990 to 1991, Mr. Offermann advised on the restructuring of Di Giorgio Corporation. The White Rose Foods

division of Di Giorgio Corporation is currently a large unsecured creditor of the Debtor and the Debtor is currently negotiating the terms of debtor-in-possession financing from White Rose.

13. Prior to the Petition Date, HT Capital received a retainer in the amount of $15,000.00 in accordance with the terms and conditions of the engagement letter between the Debtor and HT Capital, a copy of which is annexed hereto as Exhibit "A." In addition, HT Capital billed the Debtor prior to the Petition Date a total of $34,387.00 for services rendered, against which HT Capital received payment from the Debtor prior to the Petition Date in the amount of $17,412.00. After application of the retainer, HT Capital has a balance due and owing from the Debtor as of the Petition Date in the amount $1,975.00; however, in order to satisfy the "disinterested person" standard under the Bankruptcy Code and Bankruptcy Rules, HT Capital has agreed to waive any claim in this Chapter 11 case with respect to the $1,975.00.

14. Based on the foregoing, HT Capital is a "disinterested person," as such term is defined in Bankruptcy Code Section 101(14) and as required by Section 327(a) and Fed. R. Bankr. P. 2014(a).

15. HT Capital will promptly update any material developments regarding the Debtor any other pertinent relationships that require disclosure in this Chapter 11 case if and when any such developments or relationships come to HT Capital's attention.

16. HT Capital has agreed to provide assistance to the Debtor in accordance with the terms and conditions which are set forth in the Offermann Verification and the engagement letter annexed thereto as Exhibit "A." The terms of HT Capital's compensation and reimbursement of expenses for its services are set forth in the engagement letter; _provided_, _however_, paragraphs 3 and 4 of the engagement letter would amended by the order granting this Application such that

no payment of compensation or reimbursement of expenses would be made by the Debtor to HT Capital without a prior order entered by the Court in this Chapter 11 case pursuant to Bankruptcy Code Sections 330, 331 and 503(b).

17. HT Capital's decision to accept this engagement to provide financial advice to the Debtor is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment and compensated for its services and reimbursed for the out-of-pocket expenses it incurs in accordance with its customary billing practices which are outlined in the Offermann Verification.

18. HT Capital understands and accepts that the terms of its employment must be approved by the Court and that the fees it ultimately will receive will be allowed by the Court and will depend on, among other things, the quality of its work. However, HT Capital would prefer to resolve at this time any objections by the Court or other parties in interest to its billing practices, including its billing rates and methods of charging expenses.

19. The Debtor requests that HT Capital's retention be approved *nunc pro tunc* to date the Petition Date. HT Capital has rendered services to the Debtor in connection with the commencement of this Chapter 11 case and in connection with the negotiations of a financing agreement to replace the Debtor's existing bank debt, among other things. Such services could not be avoided or delayed. Under such circumstances, the Third Circuit has held that the Court may, in the exercise of its broad equity power, authorize retroactive retention. See Matter of Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986).

### Notice, Prior Applications And Waiver Of Brief

20. Pursuant to D.N.J. LBR 2014-1, notice of the Application has been given to the United States Trustee, the Debtor, the Debtor's secured creditors and all parties having filed and served a notice of appearance in the Debtor's chapter 11 case. As of the date of the Application, no trustee, official committee of unsecured creditors or examiner has been appointed.

21. The Debtor submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above, and, accordingly, submits no brief is necessary.

22. No prior application for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form submitted herewith, authorizing and allowing the Debtor to employ HT Capital in this Chapter 11 case, effective *nunc pro tunc* as of the Petition Date, approving HT Capital's billing practices and other terms and conditions of HT Capital's employment, as set forth in HT Capital's engagement letter and modified in the proposed order, and granting such other and further relief as the Court deems just and proper.

    OKIN, HOLLANDER & DeLUCA, L.L.P.
    Attorneys for Manyfoods, Inc., Debtor


    By: /s/   Gregory S. Kinoian
           Gregory S. Kinoian

Dated: June 11, 2003

F:\OCH\ManyFoods\Pldgs\Application Employ HT Capital.doc