**OKIN, HOLLANDER & DeLUCA, L.L.P.**
One Parker Plaza
Fort Lee, New Jersey 07024
(201) 947-7500
Paul S. Hollander (PH-2681)
Attorneys for Manyfoods, Inc., Debtor[*]

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re: <br><br> **MANYFOODS, INC.** <br><br> Debtor and Debtor-in-Possession. | Chapter 11 <br><br> Case No. 03-27989 (DHS) |

**APPLICATION PURSUANT TO 11 U.S.C. §§ 327(e) AND 328(a) AND FED. R. BANKR. P. 2014(a) FOR ORDER AUTHORIZING AND APPROVING EMPLOYMENT OF SCHENCK, PRICE, SMITH & KING, LLP AS SPECIAL COUNSEL TO THE DEBTOR AND DEBTOR-IN-POSSESSION NUNC PRO TUNC**

**TO:    THE HONORABLE DONALD H. STECKROTH
          UNITED STATES BANKRUPTCY JUDGE**

Manyfoods, Inc., the above-captioned debtor and debtor-in-possession ("Manyfoods" or the "Debtor"), hereby applies to this Court for an order authorizing and approving the Debtor's employment of Schenck, Price, Smith & King, LLP ("Schenck Price" or the "Firm"), as special counsel to the Debtor pursuant to 11 U.S.C. §§ 327(e) and 328(a) and Federal Rule of Bankruptcy Procedure 2014(a) (the "Application"), and in support thereof, respectfully represents:

---

[*] An application for an order authorizing and approving the employment of Okin, Hollander & DeLuca, L.L.P. as counsel to the Debtor and Debtor-in-Possession is pending.

**Jurisdiction**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b)(2)(A) and 1334 and the "District Court General Order of Reference" of the United States District Court for the District of New Jersey dated July 23, 1984.  The statutory bases for the relief sought herein are Sections 327(e), 328(a) and 1107 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code").  Venue of the Debtor's Chapter 11 case in this district is proper pursuant to 28 U.S.C. § 1408.

**Background**

2.      On May 29, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 to 1330 (the "Bankruptcy Code").

3.      Pursuant to Bankruptcy Code Sections 1107(a) and 1108, the Debtor has been and remains authorized to operate its business and manage its property as a debtor-in-possession.  No trustee or examiner has been appointed in this case.

4.      As of the date of this Application, no committee of creditors has been appointed; however, an organizational meeting of unsecured creditors is scheduled to be held at the United States Trustee's offices on June 12, 2003, at 9:30 a.m.

5.      The Debtor is the owner and operator of three (3) retail supermarkets that operate under the Foodtown cooperative banner.  The Debtor's retail stores are located in Cedar Knolls, Wanaque and River Vale, New Jersey.  The Debtor is also the owner and operator of a retail liquor store located in Cedar Knolls, New Jersey.  The Debtor operates its retail supermarkets and liquor store from premises leased from various third party lessees.  The Debtor employs

more than 200 full and part time employees. The Debtor's retail supermarkets carry a full line of national branded and private label grocery, bakery, deli, dairy, produce, meat/poultry/fish, frozen foods, health/beauty products and general merchandise items. The Debtor's retail liquor store carries a full line of wine, liquor, spirits, cigarettes and other beverages. As of the Petition Date, the Debtor maintained an aggregate inventory, valued on a cost basis, of approximately $2,100,000.

**Relief Requested and Basis Therefor**

6. Submitted herewith is the Verified Statement of Thomas F. Craig, II in support of this Application. Mr. Craig is an attorney and a Member of Schenck Price.

7. The Debtor wishes to employ Schenck Price to complete the sale of the Debtor's lease for its former store location in River Vale, New Jersey to Eckerd Corporation (the "Eckerd Transaction"). Schenck Price has been involved Eckerd Transaction since its inception and the deal was nearing completion before Manyfoods was required to file for Chapter 11 protection. A proper motion seeking approval of the Eckerd Transaction with the Court in this Chapter 11 case. Based on the Firm's prior involvement in the Eckerd Transaction, its familiarity therewith and the fact that the Eckerd Transaction is nearing completion (subject, of course, to approval by this Court), the Debtor believes it would avoid unnecessary delay, be more cost effective and, ultimately, be more beneficial to the Debtor's estate to have Schenck Price represent the Debtor through the completion of the Eckerd Transaction rather than going through the process of identifying new counsel, applying for authority to retain such counsel and allowing such counsel enough time familiarize itself with the terms and details of the transaction.

8. As far as could be ascertained based on the information available at this time, none of the attorneys at Schenck Price has any connection with the Debtor, its creditors, the United States Trustee or any other party with an actual or potential interest in this Chapter 11 case or their respective attorneys or accountants, except as set forth below:

(a) The Firm has represented Manyfoods since the 1960's through the Petition Date, essentially serving as Manyfoods' general counsel.

(b) The Firm has represented Fleet National Bank, a secured creditor of the Debtor, on specific loan transactions and matters involving trusts and estates (none of which related to Manyfoods).

(c) The Firm also represents William Michas, an individual, in connection with his estate planning. Mr. Michas is the father of Gregory Michas, an officer of Manyfoods and a partner of Mendham Investment LP, a creditor of Manyfoods.

(d) The Firm is representing William Louttit, an individual and the President of Manyfoods, in connection with his purchase of residential real estate.

The Firm does not believe that any of the above listed matters represent a conflict for the Firm to represent the Debtor as special counsel with respect to the Eckerd Transaction.

9. The Firm has unpaid bills for services rendered and expenses incurred for Manyfoods prior to the Petition Date in the amount of $72,013.62 and has accrued unbilled fees and expenses from the date of its last invoice to the Petition Date in the amount of $5,622.25 (collectively, the "Schenck Price Claim"). The Schenck Price Claim does not represent an interest adverse to the Debtor or its estate with respect to the Eckerd Transaction and the Firm

does not represent or hold such an adverse interest within the meaning of Bankruptcy Code Section 327(e).

10. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), the Firm has no prior connection (except as set forth herein) with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the United States Trustee, or any persons employed in the office of the United States Trustee, which would in any way disqualify it from representing the Debtor.

11. The proposed employment of Schenck Price is not prohibited by or improper under Bankruptcy Rule 5002. Schenck Price and the professionals it employs are qualified to represent the Debtor in the matters for which Schenck Price is proposed to be employed.

12. Subject to the Court's approval, Schenck Price will charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered. Schenck Price will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered. The following attorneys at Schenck Price would be primarily involved in the Firm's representation of the Debtor in the Eckerd Transaction:

| Attorney | Position | Year of Adm. | Hourly Rate[1] |
|---|---|---|---|
| Thomas F. Craig, II, Esq. | Member | 1973 | $300.00 |
| Jeremy M. Garlock, Esq. | Associate | 1999 | $185.00 |

---

[1] The hourly rates charged by Schenck Price professionals differ based on, among other things, such professional's level of experience. These rates may change as of January 1 of each year in accordance with Schenck Price established billing practices and procedures.

- 5 -

Mr. Craig's practice is in Schenck Price's Business Organizations Department. Mr. Craig has extensive experience in commercial and real estate lending, complex financing transactions and troubled asset workouts. Mr. Craig also handles a full range of corporate and commercial matters. Mr. Garlock's practice is also in the Firm's Business Organizations Department. His experience includes general corporate, real estate, environmental and litigation matters.

13. Schenck Price intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of this Court, and pursuant to any additional procedures that may be established by the Court in this case.

14. The Firm has indicated a willingness to act as special counsel for the Debtor as debtor and debtor-in-possession.

15. The Debtor desires to employ the Firm under a general retainer because of the extensive legal services required of the Firm and because the Debtor believes that the Firm is well qualified to act as attorneys on the Debtor's behalf in this Chapter 11 case and in any superceding case. The Debtor believes that the Firm's continued employment with respect to the Eckerd Transaction would be in the best interests of the estate.

16. The Debtor requests that the Firm's retention be approved *nunc pro tunc* to date the Petition Date. The Firm has rendered services to the Debtor in connection with the Eckerd Transaction, which, as previously noted, was far along in the process when the Debtor needed to file for Chapter 11 protection, which services could not be avoided or delayed. Under such circumstances, the Third Circuit has held that the Court may, in the exercise of its broad equity

power, authorize retroactive retention.  See Matter of Arkansas Co., Inc., 798 F.2d 645, 650 (3d Cir. 1986).

### Notice, Prior Applications And Waiver Of Brief

18. Pursuant to D.N.J. LBR 2014-1, notice of the Application has been given to the United States Trustee, the Debtor, the Debtor's secured creditors and all parties having filed and served a notice of appearance in the Debtor's chapter 11 case.  As of the date of thie Application, no trustee, official committee of unsecured creditors or examiner has been appointed.

19. The Debtor submits that the Application does not present novel issues of law requiring the citation to any authority, other than the statutes and rules cited above, and, accordingly, submits no brief is necessary.

20. No prior application for the relief requested herein has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully requests that this Court (a) enter the within proposed order authorizing and approving the employment of Schenck, Price, Smith & King, LLP, as special counsel to the Debtor pursuant to Bankruptcy Code Sections 327(e) and 328(a) and Bankruptcy Rule 2014(a), under a general retainer, with respect to the Eckerd Transaction, effective *nunc pro tunc* as of the Petition Date, and (b) grant such other and further relief as is just and proper.

                                            OKIN, HOLLANDER & DeLUCA, L.L.P.
                                            Attorneys for Manyfoods, Inc., Debtor

                                            By: /s/    Gregory S. Kinoian
                                                          Gregory S. Kinoian

Dated: June 11, 2003