UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>Many Foods, Inc.<br><br>Debtor. | Chapter 11<br><br>Case No. 03-27989/DHS<br><br>Judge: Donald H. Steckroth |

APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER AUTHORIZING THE EMPOLYMENT AND
RETENTION OF AMPER, POLITZINER & MATTIA, P.C. AS ACCOUNTANTS
AND FINANCIAL ADVISORS
*NUNC PRO TUNC JUNE 12, 2003*

The Official Committee of Unsecured Creditors (the "Committee") for the above-named Debtor applies to the court for an order approving and authorizing the employment and retention of Amper, Politziner & Mattia ("Amper") as accountants and financial advisors to the Committee pursuant to §§ 327, 328 and 1103 of Chapter 11 of the title 11 of the United States Code (as amended, the "Bankruptcy code"), respectfully represents as follows:

## BACKGROUND

1. On May 29, 2003 (the "Petition Date"), Many Foods, Inc. (the "Debtor") filed a voluntary petition for reorganization under chapter 11 of the title 11 of the United States code, 11 U.S.C. §101 et.seq. (hereinafter referred to as the "Bankruptcy Code").

2. Since the filing, the Debtor has continued in possession and management of its business and property as a debtor-in-possession pursuant to §§1107 (a) and 1108 of the Bankruptcy Code.

3. On June 12, 2003, an Official Committee of Unsecured Creditors (the "Committee") was appointed by the United States trustee's office.

4. No Trustee or examiner has been appointed in this case.

## JURISDICTION AND VENUE

5. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. § 157 (b). venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409. the statutory predicates for the relief sought herein are §§ 327, 328 and 1103 of the Bankruptcy Code as supplemented by Bankruptcy Rule 2014.

## RELIEF REQUESTED

6. By this application and pursuant to sections § 327 (a) and 1103 of the bankruptcy Code, the Committee seeks to employ Amper as the accountants and financial advisors for the committee in connection with this chapter 11 case, under a general retainer to perform the accounting and other financial advisory services more fully set for below.

7. Amper maintains offices at 2015 Lincoln Highway, Edison, NJ 08818. The Director responsible for this engagement is Allen D. Wilen.

8. The professional services the committee anticipates Amper will render include, but are not limited to:

    a) Development of oversight methods and procedures so as to enable the committee to fulfill its responsibilities to monitor the debtor's financial affairs and the financial affairs of the Debtor's operating subsidiaries;

    b) Interpretation and analysis of financial materials, including accounting, tax, statistical, financial and economic data, regarding the debtor and other relevant parties;

    c) Analysis and advise regarding additional accounting, financial, valuation and related issues that may arise in the course of these proceedings.

    d) Assistance to Committee's counsel in the preparation and evaluation of any potential litigation, as requested;

    e) Providing testimony on various matters, as requested; and

    f) Providing such other services as Committee's counsel may request.

9. The Committee has selected Amper as accountants and financial advisors because of its experience and knowledge in the area of insolvency accounting. The Committee believes that these professionals are well qualified to represent it in this proceeding and such retention would be in the best interest of the Estate.

10. The services to be rendered by Amper will not duplicate the services to be rendered by any other professional retained by the committee in the Bankruptcy case.

11. Amper has indicated its willingness to act on the committee's behalf and be compensated in accordance with the terms and conditions set forth above.

12. To the best of the Committee's knowledge and belief, neither Amper nor any member thereof has or represents any interest adverse to the estate with respect to this case or the matter on which it is to be employed. To the best of the Committee's knowledge and belief, neither Amper nor any member thereof, has any connection of any kind or nature with the Debtor, their creditors or any other party-in-interest and accountants. It is the belief of the Committee that the retention and employment of Amper is in the best interest of all parties in this

case and beneficial thereto.

13. The committee has requested that Amper commence it services immediately, due to the deteriorating financial condition of the debtor. Therefore it is respectfully requested that Amper's retention be approved *nunc pro tunc* to June 12, 2003.

WHEREFORE, the undersigned requests that this court enter an Order authorizing the retention of Amper, Politziner & Mattia as accountants and financial advisors to the Official committee of Unsecured Creditors in the proceeding, on the terms and conditions set forth herein.

OFFICIAL COMMITTEE OF
UNSECURED CREDITORS
OF MANY FOODS, INC.

BY: _____
        Chairman

Dated: June 30, 2003